ner as before. that date, that the plaintiff believed he was employed by defendant, and that the defendant by its action induced that belief, and intended to do so; or that the jury might have found that the "associates" of Mr. Cox mentioned, but not named in the contract, was another name for the defendant itself, since, in addition to the facts above mentioned, the party of the second part (that is, Cox "and his associates"), by the terms of the contract, agreed to pay, out of the stock and bonds which the company agreed to pay him, various amounts to the creditors of the defendant, and other amounts to the defendant, to enable it to settle outstanding bills, and still another amount of stock to the directors,—we assume for the company, and not for themselves, —and thus that Cox, instead of being an independent contractor, was in fact the mere agent of the defendant in financing, for a consideration of speculative value, the bonds and stock of the company, and that the defendant was the real employer of the plaintiff (Wick v. Railroad Co., 27 App. Div. 577, 50 N. Y. Supp. 479); or that, as between defendant and Cox, it was understood that defendant should continue to employ the laborers, and look to Cox for indemnity. In any of these cases, the defendant would be liable for the wages of the plaintiff. An intermediate order of the county court, which we are asked to review, was not erroneous.

Judgment reversed, new trial granted, costs to abide the event. All concur.

---

(34 App. Div. 25.)

### KIRBY v. KIRBY.

(Supreme Court, Appellate Division, Second Department. October 18, 1898.)

ALIENATION OF HUSBAND'S AFFECTION—BILL OF PARTICULARS.

    Defendant in an action for the alienation of a husband's affection is not entitled to a bill of particulars to the complaint, which alleged only a continued depreciation by defendant to the husband of the plaintiff as a wife.

Appeal from special term, Dutchess county.

Action by Sarah A. M. Kirby against Charles H. Kirby for the alienation of her husband's affection. From an order denying defendant's motion for a bill of particulars, he appeals. Affirmed.

The following is the opinion of the court below (BARNARD, J.):

A bill of particulars would be a difficult matter to frame in an action such as this. A wife charges her husband's uncle with alienating her husband's affection and breaking up her home. There is no impropriety alleged other than a continued depreciation of the plaintiff as a wife. Such a complaint must be made out by proof, presumably, of many instances, and probably on many occasions,—here a little and there a little. The general allegation is made: "You depreciated me to my husband, and destroyed my happiness." Such a general charge can be easily met. Motion denied, with $10 costs to abide the event.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Cossum, for appellant. ·
Frank B. Lown, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of BARNARD, J., at special term.